**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000630
29-APR-2021
07:51 AM
Dkt. 67 SO**

NO. CAAP-19-0000630

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

DARRYL THOMAS, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 17-1-0019; CRIMINAL NO. 1PC141001031)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Petitioner-Appellant Darryl Thomas (**Thomas**) appeals pro se from the Order Summarily Denying [Hawaiʻi Rules of Penal Procedure (**HRPP**)] Rule 40 Petition filed by Petitioner Darryl Thomas (**Order Denying Relief**) entered on May 29, 2019, in the First Circuit Court, State of Hawaiʻi (**Circuit Court**), in S.P.P. No. 17-1-0019.[1] In the Order Denying Relief, the Circuit Court denied Thomas's Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (**Petition**), which was filed pursuant to HRPP Rule 40 on August 29, 2017.

Thomas states no discernible points of error on appeal but appears to challenge the sentence entered against him by the

---

[1] The Honorable Faʻauuga Toʻotoʻo presided.

Circuit Court in the underlying criminal case, 1PC141001031 (**Criminal Case**), arguing that the pre-sentence report (**PSI**) contains inaccuracies and that he was not provided an adequate opportunity to address them at sentencing.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Thomas's appeal as follows:

On June 13, 2017, Thomas appealed from his conviction in the Criminal Case in CAAP-17-0000471. Thomas argued in his reply brief, *inter alia*, that the PSI contains inaccuracies. On January 16, 2019, this court issued a Summary Disposition Order affirming Thomas's conviction, and in a footnote, deemed the issues raised in the reply brief waived, noting that appealable issues must be raised in an opening brief. State v. Thomas, CAAP-17-10000471, 2019 WL 211069, *1, n.3 (Haw. App. Jan. 16, 2019) (SDO). In the same footnote, we stated that "[t]his waiver is not absolute and is subject to the court's inherent authority to address plain error and *without prejudice* to a[n HRPP Rule 40] petition for post-conviction relief *in conjunction with claims of ineffective assistance from trial and/or appellate counsel*." Id. (citing Briones v. State, 74 Haw. 442, 459, 848 P.2d 966, 975 (1993)) (emphases added). However, because this appeal does not argue a claim of ineffective assistance of counsel, or raise a

claim of illegal sentence,[2] the issue is deemed waived.  HRPP Rule 40(a)(3).

Having raised no other issues on appeal, Thomas presents no basis for this court to find that he raised a colorable claim in his Petition.  See Dan v. State, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994).  Thus, the Circuit Court did not err in denying the Petition without a hearing.  See Barnett v. State, 91 Hawaiʻi 20, 26, 979 P.2d 1046, 1052 (1999).

For these reasons, the Circuit Court's May 29, 2019 Order Denying Relief is affirmed.

DATED: Honolulu, Hawaiʻi, April 29, 2021.

On the briefs:

Darryl Thomas,
Petitioner-Appellant, *Pro Se*.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge

---

[2]  A sentence is illegal if the sentencing court lacks authority to impose it, or it is imposed in violation of the law.  See, e.g., Stanley v. State, 148 Hawaiʻi 489, 502, 479 P.3d 107, 120 (2021); Flubacher v. State, 142 Hawaiʻi 109, 110-11, 414 P.3d 161, 162-63 (2018); Moananu v. State, CAAP-18-0000447, 2020 WL 3034708, *6 (Haw. App. June 5, 2020) (mem.).  Upon review of the record in the underlying Criminal Case, including the transcript of the May 24, 2017 sentencing hearing, we cannot conclude that Thomas was denied an adequate opportunity to address the trial court at sentencing.